BARNEY FINK, Plaintiff, *v.* PETER SHOEMAKER, Defendant.

(County Court, Rensselaer County, January, 1901.)

County Court — Has jurisdiction over an action on a Justice's Court judgment.

A County Court now has jurisdiction to entertain an action brought upon a judgment of a justice of the peace of the county and rendered against a resident thereof.

ISSUES of law, arising upon three demurrers, interposed by plaintiff, to three defenses contained in defendant's answer.

Henderson Peck, for plaintiff.

George J. McDonnell, for defendant.

NASON, J. The issues of law which have been joined in this action, and which have been submitted to the court for its decision, arise upon three demurrers interposed by plaintiff to three defenses contained in defendant's answer. The complaint purports to set forth a cause of action based upon a judgment of a justice of the peace, rendered in the town of Sandlake, Rensselaer county, on the 24th day of January, 1893, for the sum of $200.94; a transcript of said judgment was duly filed in the county clerk's office, pursuant to section 3017 of the Code of Civil Procedure.

The defendant's answer in this action contains three separate defenses; first, that no execution has ever been issued on said judgment out of the County Court or Justice's Court; secondly, that six years have elapsed since the time said judgment was rendered in the Justice's Court, as aforesaid, and the action is barred by the Statute of Limitations; and, thirdly, that the judgment on

which the action has been brought is a justice's judgment of the town of Sandlake, and that the County Court of Rensselaer county has no jurisdiction of this action, or to hear, try or determine this action, or to render judgment herein.

Upon the argument of the demurrers, it seemed to be conceded that the most important question in the case was, whether the County Court has jurisdiction to entertain an action brought upon the judgment of a justice of the peace.

The point is involved in some obscurity, but upon a careful examination of the law it would seem that the jurisdiction of the County Court, as established by the Constitution, the statutes of the State, and the decisions of the courts has been extended to this class of cases.

The judiciary article of the Constitution of 1846 (art. VI, § 14) provides: "The County Court shall have such jurisdiction in cases arising in justice's courts and in special cases as the legislature may prescribe, but shall have no original civil jurisdiction, except in such special cases."

The Legislature, by virtue of the power thus vested in it, incorporated into the old Civil Code, section 30, relating to the jurisdiction of the County Courts, subdivision first of which, with its introductory clause, reads as follows:

"The County Court has jurisdiction in the following special cases but has no original civil jurisdiction except in such cases —

"1. Civil actions in which the relief demanded is the recovery of a sum of money not exceeding the sum of five hundred dollars, or the recovery of the possession of personal property not exceeding in value five hundred dollars, and in which all the defendants are residents of the county in which the action is brought at the time of its commencement."

At the time of the period of the enactment of the Civil Code, and for several years after, the powers of the County Court were derived altogether from the Constitution, through the medium of legislative action, and without such action on the part of the Legislature no jurisdiction with regard to any matter could be exercised. There is nothing in the old Code of Procedure, even as amended, to indicate that the Legislature ever gave to the County Court the right to entertain actions upon judgments rendered before it or any other tribunals. On the contrary, it would seem that until 1864, the Legislature had intended to withhold from County Courts

jurisdiction of all actions on judgments, no matter where rendered, for in that year it gave to personal representatives of judgment creditors, who had obtained judgments in the County Court, the right to resue such judgments in the County Court in the same manner as Supreme Court judgments may be sued over in the Supreme Court, and assignees of such judgments were allowed to avail themselves of the benefits of this provision. Clearly, if any suit on a judgment for less than $500 were to be included among "civil actions in which the relief demanded is the recovery of a sum of money not less than five hundred dollars," as defined in section 1, then the action of the Legislature, in 1864, would have been superfluous and futile. It is fair then to conclude that their jurisdiction over actions on judgments other than as had been specified in this act, was at this period still withheld by the Legislature. The Code of Civil Procedure, when it went into effect in 1877, included the substance of the foregoing act in subdivision 2 of section 340, which defines the jurisdiction of County Courts, and further extends the right to sue on a judgment of the County Court to the judgment creditor "in a proper case". Subdivision 3 of section 340, as amended, as to amount since the enactment of the present Constitution, provides that the jurisdiction of the County Court shall also extend to an action for any other cause, where the defendant is at the time of the commencement of the action a resident of the county, and wherein the complaint demands judgment for a sum of money only, not exceeding $2,000.

Now, let us trace the course of constitutional enactment on the same subject. By the amendment of 1870, to article VI of the Constitution, section 15, it was provided: "The County Courts shall have the powers and jurisdiction they now possess until altered by the Legislature; they shall also have original jurisdiction in all cases where the defendants reside in the county and in which the damages claimed shall not exceed one thousand dollars."

The present constitutional enactment, with regard to the organization of the County Court, as found in section 14, article VI, of the judiciary article, provides as follows: "County Courts shall have the powers and jurisdiction they now possess, and also original jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars."

In construing the section corresponding to the foregoing section

44

in the earlier Constitution, the court says, in the case of Buckhout v. Rall, 28 Hun, 484: " It is thus seen, that the provision of the Constitution respecting the original jurisdiction of this court, in common-law actions is restricted and confined to cases where the defendants reside in the county, and in which the damages demanded shall not exceed $1,000, and so far it is self-executing. It supplies a specific rule, and requires no legislation for that purpose."

In Koch v. Mayor, 5 App. Div. 280, it is said: " Such courts receive their power direct from the Constitution, and the judges were selected by the people under its authority to preside in such courts."

Collating these authorities, I think the inference is clear that, although prior to the amendment of 1870, and while the Legislature had absolute control over the County Courts, it could withhold the right of that court to entertain actions upon justice's judgments by impliedly limiting actions on judgments to personal representatives of deceased judgment creditors who had obtained their judgments in the County Court, and the assignees of such judgments, yet probably the change that was wrought in the old Constitution by the amendment of 1870, and certainly the provisions of the present one, has so far affected the organization of the County Courts, that they are no longer creatures of legislative enactment, as they were originally under the Constitution of 1846, but their jurisdiction is derived directly from the Constitution itself.

As far as actions on County Court judgments are concerned, these are, undoubtedly, still regulated by subdivision 2 of section 340 of the Code of Civil Procedure, as the new Constitution provides, that County Courts shall have all the powers and jurisdiction they now possess, and also (article I, § 16) such acts of the Legislature as are now in force shall be and continue the law of this State, subject to such alterations as the Legislature shall make concerning the same. But the Constitution further provides, " that they shall also have jurisdiction in actions for the recovery of money only, where the defendants reside in the county, and in which the complaint demands judgment for a sum not exceeding two thousand dollars." This enactment, doubtless, extends to common-law actions, whether on contract or tort, and an action on a judgment is, undoubtedly, embraced in the former title. Section 1913 of the Code has no application to this kind of cases. The conclusion seems almost

irresistible that, irrespective of the difficulty of entirely reconciling the codes and statutes to each other and with themselves, in reference to this question, the Constitution has now amplified the jurisdiction of the County Court, if it had not been sufficiently enlarged before, so as to open the door to this class of actions.

It has been assumed that the judgment, on which the action in question was brought, was a judgment of the Justice's Court, although a transcript thereof has been filed in the county clerk's office, and any discussion on that point would seem to be unnecessary, as all the recent decisions are to the effect that " after a justice's judgment has been docketed in the county clerk's office, it becomes a mere statutory judgment of the County Court, but is not, in fact, a judgment of that court.   There has been no judicial action there, and no judgment has been in fact entered or rendered. Harris v. Clark, 65 Hun, 362.

I am of the opinion, therefore, that the separate demurrers to the separate defenses stated in the answer. should be sustained, according to the terms. of the decision rendered herewith.

Demurrers .sustained.